COPY

1  KEITH BERGLUND (State Bar No. 207469)
2  STEVEN WEGNER (State Bar No. 58585)
   The Berglund Group
3  149 S. Barrington Avenue, Suite 181
   Los Angeles, CA 90049
4  Telephone: (310) 567-6070, Facsimile: (310) 564-0327
5  berglundgroup@yahoo.com

6  DANIEL J. AARON
   Daniel J. Aaron, P.C.
7  90 Park Avenue, Suite 701
   New York, New York 10016
8  Telephone: (212) 684-4466, Facsimile: (212) 684-5566

9  Attorneys for Entertainment One Ltd.
   and Koch Entertainment LP

10

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                 LOS ANGELES DIVISION

14  In re                          Case No. 2:06-bk-11205-VZ

15  DEATH ROW RECORDS, INC.,        Chapter 7

16       Debtor.                    CV12 01192 JFW

17  _____

18  R. TODD NEILSON, Chapter 7 Trustee    Adv. No. 2:09-ap-01732-CR
    of DEATH ROW RECORDS, INC.,
19  and MARION "SUGE" KNIGHT, JR.,        **NOTICE OF MOTION TO
                                          WITHDRAW REFERENCE OF
20       Plaintiff,                       ADVERSARY PROCEEDING
                                          FROM BANKRUPTCY COURT
21       vs.                              UNDER 28 U.S.C. § 157 (D), FRBP
                                          5011, AND LOCAL BANKRUPTCY
22  ENTERTAINMENT ONE LTD.; and           RULE 5011-1; MEMORANDUM OF
    KOCH ENTERTAINMENT LP,                POINTS AND AUTHORITIES IN
23                                        SUPPORT THEREOF;
         Defendants.                      DECLARATION OF KEITH
24                                        BERGLUND IN SUPPORT;
                                          PROPOSED ORDER THEREON**

25                                        Date: 3/12/12
26                                        Time: 1:30pm
                                          Ctrm.: TBD
27                                        Judge Walter
                                          courtroom 16
28

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

FILED
FEB 06 2012
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                        Deputy Clerk

FILED
CLERK U.S. DISTRICT COURT
FEB 10 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

**MOVANTS ENTERTAINMENT ONE LTD AND KOCH ENTERTAINMENT LP'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO WITHDRAW THE REFERENCE OF THIS ADVERSARY PROCEEDING UNDER 28 U.S.C. § 157(D), FEDERAL RULE OF BANKRUTPCY PROCEDURE 5011 AND LOCAL BANKRUPTCY RULE 5011-1**

Movants Entertainment One Ltd. ("eOne") and Koch Entertainment LP ("Koch," and, collectively with eOne, "Movants"), through undersigned counsel, at the invitation of the Bankruptcy Court, respectfully files this Notice of Motion and Memorandum in Support of its Motion to Withdraw the Reference of Adversary Proceeding No. 09-ap-01732-VZ (the "Adversary Proceeding") pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure and Local Rule of Bankruptcy Procedure 5011-1 on the grounds that cause exists to withdraw the reference based on Stern v. Marshall, 564 U.S. ___, 131 S. Ct. 2594 (2011) judicial economy and other relevant factors as set forth in the accompanying Memorandum of Points and Authorities (the "Memorandum").

This motion is based on the Motion, the Memorandum, the Declaration of Keith Berglund, on all the papers and records on file in this proceeding and on such other oral and/or documentary material as may be presented in support of this Motion at or before the hearing of this Motion.

1

Dated:  February 6, 2012                    **THE BERGLUND GROUP**

2

3

By:  _____

4

Keith W. Berglund

5

Steven D. Wegner

6

Attorneys for ENTERTAINMENT ONE

LTD.; and KOCH ENTERTAINMENT LP.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6670

printed on recycled paper

MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)      ADV. NO. 09-01732

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

Table of Authorities…………………………………………………………………………5,6

A.    PROCEDURAL HISTORY……………………………………………………… 7

I.    APPLICABLE LEGAL STANDARD………………………………………… 10

II.    KOCH HAS A SEVENTH AMENDMENT RIGHT TO A JURY TRIAL… 11

III.    KOCH'S RIGHT TO A JURY TRIAL AND THE CONSERVATION OF
JUDICIAL RESOURCES CONSTITUTE CAUSE FOR WITHDRAWAL . 14

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)    ADV. NO. 09-01732

# TABLE OF AUTHORITIES

**Cases**

Acolyte Elec. Corp. v. New York,

     69 B.R. 155 (Bankr. E.D.N.Y. 1986)..................................................14

Chauffers, Teamsters and Helpers, Local No. 391 v. Terry,

     494 U.S. 558 (1990)....................................................................... 12

Crowell v. Benson,

     285 U.S. 22 (1932).......................................................................... 15

Dairy Queen, Inc. v. Wood

     369 U.S. 469 (1962)..................................................................12,14

Granfinanciera v. Nordberg,

     492 U.S. 33 (1989)...............................................12, 14,17-19

In re Orion Pictures Corp.,

     4 F.3d 1095 (2d Cir. 1993)............................................................. 11

Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,

     458 U.S. 50 (1982)................................................................ 16,17,19

Parsons v. Bedford,

     28 U.S. 433 (1830).................................................................11, 12

Security Farms v. International Bhd. of Teamsters,

     124 F.3d 999 (9th Cir. 1997)..........................................................11

Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com),

     504 F.3d 775 (9th Cir. 2007).....................................................10, 11

Stern v. Marshall,

     131 S. Ct. 2594 (2011)...............................................2, 9,10, 16-19

**Constitution**

U.S. Const. art. III, § 1.................................................................15

U.S. Const. amend. VII ..............................................................11,12,19

THE BERGLUND GROUP
2800 Neilson Way
Suite 1613
Santa Monica, CA 90405
(310) 567-6070

**Statutes**

11 U.S.C. §542..................................................................................14

28 U.S.C. § 157(b)(2)(E).................................................................14,16

28 U.S.C. § 157(d).............................................................................2,10

**Rules**

Fed. R. Bankr. Pro. 5011(a)...............................................................2,10

Fed. R. Civ. Pro. 12(b)(6)......................................................................7

Fed. R. Civ. Pro. 38(b).....................................................................7,8,9

Loc. R. Bankr. Pro. 5011-1....................................................................2

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)     ADV. NO. 09-01732

## A.    PROCEDURAL HISTORY

The Adversary Proceeding was commenced on or about June 19, 2009, with the filing of a complaint (the "Complaint") by R. Todd Neilson, Chapter 11 Trustee of Debtors Death Row Records, Inc., and Marion "Suge" Knight (the "Trustee" and, collectively, the "Estates").  A true and correct copy of the Complaint is annexed as Exhibit 1 to the accompanying declaration of Keith W. Berglund, Esq. ("Berglund Dec.").  The Complaint alleges four claims for relief.  Counts I and II are stated against eOne, which is Koch's indirect parent entity.  Count I seeks a declaratory judgment that eOne breached an Asset Purchase Agreement, dated April 17, 2008, entered into with the Estates (the "eOne APA"), by failing to close the contemplated transaction and has, therefore, forfeited its deposit made thereunder.  Count II asserts a claim against eOne for breach of the eOne APA.  Counts III and IV are stated against Koch. They are premised upon Koch's alleged breaches of a Distribution Agreement, which agreement predates the bankruptcy proceedings. Berglund Dec. Exh. 2.

eOne and Koch responded to the Complaint on August 4, 2009, by filing an Answer with respect to Counts I, III, and IV (the "Answer").  The Answer contained a jury demand served and filed in accordance with Fed. R. Civ. Pro. 38(b).  Berglund Dec. Exh. 3.  eOne simultaneously filed a motion to dismiss Count II of the Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6).  On September 11, 2009, the Trustee also filed a motion to dismiss eOne's counterclaim contained in the Answer.  The Bankruptcy

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

Court denied both motions to dismiss on October 5, 2009.  Therefore, on October 9, 2009, eOne filed an Answer, Affirmative Defenses and Counterclaims which addressed Count II.  Berglund Dec. Exh. 4.  This pleading contained the same jury demand for Counts III and IV and was served and filed in accordance with Fed. R. Civ. Pro. 38(b).

On October 22, 2009, the parties filed a Joint Status Report (the "Report") for a conference to be held on November 5, 2009 (the "Status Conference").  Berglund Dec. Exh. 5.  Section I(3) on page 5 of the Report identified the fact that the jury demand had been made by Koch and was disputed by the Trustee.  Section I(4) on page 6 of the Report identified the fact that the Trustee had not prepared a memorandum or submitted evidence in support of its objection.  At the Status Conference, the Bankruptcy Court inquired, and Koch's counsel represented, that Koch consented to have the jury trial held before the Bankruptcy Court. The Bankruptcy Court stated that it was willing to hold the jury trial.  In light of the Trustee's stated opposition, the Trustee was granted the ability to set a motion to determine the Movants' right to a jury trial on or before February 26, 2010.  This ruling was incorporated into the Scheduling Order, signed and entered November 18, 2009 (the "Scheduling Order"). Berglund Dec. Exh. 6.

The Scheduling Order permitted each party to amend their affirmative defenses by December 11, 2009.  The Movants did so, filing an Amended Answer, Affirmative

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

Defenses and Counterclaim on December 11, 2009.  Berglund Dec. Exh. 7.  This pleading again contained the same jury demand for Counts III and IV which were served and filed in accordance with Fed. R. Civ. Pro. 38(b).

While the Trustee filed an Amended Answer to Counterclaim on December 10, 2009, the Trustee never moved to object to Koch's jury demand in accordance with the Scheduling Order.

The Parties proceeded to complete discovery and enter into an approved Fourth Amended Joint Pretrial Stipulation.  Berglund Dec. Exh. 8 and 9.  As noted in Section I.A.1 thereof, Koch continued to assert its jury trial right with respect to Counts III and IV.

In light of this request and the overall complexity of the case, the Adversary Proceeding was re-assigned to Visiting Judge Charles E. Rendlen, III who noticed a Pretrial Status Conference for January 10, 2012.  In advance of the conference, the parties held a telephonic conference with the Court, wherein the Court expressed its willingness to seek certification from the District Court to hold the jury trial but asked Koch's counsel to submit a report as to the implications of Stern v. Marshall, 564 U.S. ___, 131 S. Ct. 2594 (2011) ("Stern") and to address the best use of judicial resources. The Court asked the Trustee's counsel to respond.

Koch submitted its Report on January 3, 2012 (the "Report").  Berglund Dec. Exh. 10.  Koch took the position that the language of Stern prohibited a non-Article III

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

9                                                        printed on recycled paper
MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)      ADV. NO. 09-01732

court from holding a jury trial on Counts III and IV regardless of the parties' consent and that the jurisdictional issue would give either side a right of appeal post-trial. Neither side wanting to have the matter tried twice, Koch urged that the best course of action would be to withdraw the reference and have the entire matter tried at the District Court level to remove the jurisdictional <u>Stern</u> issue and to conserve judicial resources since the same material witness were required for all Counts.  The Trustee responded that Koch had failed to move to withdraw the reference right after the approval of the Fourth Amended Joint Pretrial Stipulation and so should not be permitted to move to withdraw the reference.  Berglund Dec. Exh. 11.  At the Status Conference, the Court removed the Adversary Proceeding from the March 5, 2012, trial calendar so that this motion could be made to the District Court.

## I.    APPLICABLE LEGAL STANDARD

Title 28 U.S.C. § 157(d) states:  "[A] district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  In keeping with this procedure, the Supreme Court promulgated Fed. R. Bankr. Pro. 5011(a), which states in its entirety: "A motion for withdrawal of a case or proceeding shall be heard by a district judge." For this reason, Visiting Judge Charles Rendlen III lacked the authority to consider withdrawal of the reference and permitted the making of the instant motion to this Court.  <u>See</u> <u>Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)</u>, 504

The Berglund Group
2600 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

F.3d 775, 784-785 (9th Cir. 2007) (District Court must hear motion to withdraw reference).  In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors including whether or not a jury trial demand has been made.  See Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997) citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993).

## II.     KOCH HAS A SEVENTH AMENDMENT RIGHT TO A JURY TRIAL

As set forth above, Koch demanded a jury trial in each of its pleadings and consented to having the jury trial held before the Bankruptcy Court.  The Trustee was granted the ability to object to the Koch' right to a jury trial on or before February 26, 2010, but did not do so.  While it is the law of this case that the Trustee is precluded from objecting to Koch's jury trial demand, Koch's entitlement to a jury trial is well founded.

The Seventh Amendment provides:  "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." U.S. Const. amend. VII.  "Suits at common law" means "not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized . . ."  Parsons v. Bedford, 28 U.S. 433, 447

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper
MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)     ADV. NO. 09-01732

(1830). "[T]he distinction between the legal or equitable nature of the rights and remedies at issue in the proceeding has become the guidepost for federal courts in determining whether the Seventh Amendment right to trial by jury attached to the proceedings before it. Id. at 1069, citing Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990). While in the context of Bankruptcy Court jurisdiction there is the additional consideration that "[i]f a claim that is legal in nature asserts a 'public right,' . . . then the Seventh Amendment does not entitle the parties to a jury trial," Granfinanciera v. Nordberg, 492 U.S. 33, 47, n.4 (1989), "state-law causes of action for breach of contract . . . are paradigmatic private rights, even when asserted by an insolvent corporation in the midst of Chapter 11 reorganization proceedings." Id. at 56; see also Dairy Queen, Inc. v. Wood, 369 U.S. 469, 477 (1962) (It would be difficult to conceive of an action of a more traditionally legal character; jury trial required.). Indeed, it was the resemblance of fraudulent conveyance actions to contract actions which led the Supreme Court to uphold the defendant's right to a jury trial in Granfinanciera. Id.

In the adversary proceeding before this Court, Counts III and IV asserted by the Trustee against Koch are common law claims premised upon Koch's alleged breaches of a Distribution Agreement, which agreement predates these bankruptcy proceedings. Berglund Dec. Exh. 2.

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

Count III, Paragraph 57, alleges that Koch breached the Distribution Agreement by failing to pay the proper amount of royalties and other payments due thereunder. In Paragraph 58 and in its prayer for relief Plaintiff seeks a monetary judgment on this claim. The claim is detailed in the Fourth Amended Joint Pretrial Stipulation starting on page 38. Berglund Dec. Exh. 8. Koch is alleged to have breached the Distribution Agreement: (a) by "failing to turnover" $317,146.80 owed under its terms; (b) improperly booking a charge of $545,174 for a third party settlement agreement; (c) improperly taking a royalty reserve in the amount of $85,000; (d) overcharging Plaintiff by $530,261 in distribution fees; and (e) overcharging Plaintiff by $293,614 in distribution fees. As described in those same pages, Koch in turn asserts: that (a) the $317,146.80 is not due and is subject to set off; (b) the $545,174 was properly charged under Section 8 of the Distribution Agreement; (c) the $85,000 royalty reserve was properly accounted for; (d) the $530,261 in distribution fees were proper under the terms of Section 8 of the Distribution Agreement; and (e) the $293,614 in distribution fees were proper under the terms of Section 8 of the Distribution Agreement. Count III is a common law contract action for damages and, under the precedent cited above, Koch is entitled to a jury trial.

Count IV, Paragraph 60, of the Complaint is styled as a common law claim for turnover and accounting, and seeks a monetary judgment in its claim for relief. The claim is detailed in the Fourth Amended Joint Pretrial Stipulation starting on page 49

THE BERGLUND GROUP
2800 Neilson Way
Suite 1613
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)      ADV. NO. 09-01732

and seeks the identical $317,146.80 sought in Count III as a breach of contract.  Thus, despite its "equitable" styling, a complete remedy is available at law.

It must be noted that the Trustee's later re-styling of Count IV in the Fourth Amended Joint Pretrial Stipulation as a claim under 11 U.S.C. §542 is contrary to the Complaint's plain language as well as the Complaint's failure to identify 28 U.S.C. § 157(b)(2)(E), actions for the turnover of estate property, as a basis for jurisdiction in Complaint paragraph 1.  Re-naming the claim, however, does not change the common law or contractual nature of the claim as originally pled.  As stated by the Supreme Court, the "constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings."  Dairy Queen, Inc., 369 U.S. at 477-78 (request for accounting remedy did not change the contractual nature of the claim; jury required).  Not even "Congress [can] eliminate a party's Seventh Amendment right to a jury trial merely by relabeling the cause of action to which it attaches." Granfinanciera, 492 U.S. at 61.  Besides, because "resolution of this action involves a state law determination of [Koch's] liability under the contract, it is a step away from a true § 542 turnover proceeding."  Acolyte Elec. Corp. v. New York, 69 B.R. 155, 172 (Bankr. E.D.N.Y. 1986).

## III.   KOCH'S RIGHT TO A JURY TRIAL AND THE CONSERVATION OF JUDICIAL RESOURCES CONSTITUTE CAUSE FOR WITHDRAWAL

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper
MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)    ADV. NO. 09-01732

The framers of the Constitution created a system in which judicial power was vested in a judiciary insulated from the political branches.  Article III, § 1 declares that "The judicial Power of the United States shall be vested in one supreme Court and such inferior courts as Congress may from time to time ordain and establish." U.S. Const. art. III, § 1.  It then commands that "The Judges, of both the supreme and inferior Courts, shall hold their Offices during good Behaviour" and shall receive compensation which cannot be diminished. Id.  Nothing in the text of Article III suggests any exceptions to these requirements. Nothing in the text suggests the possibility that Congress might constitutionally choose to create courts whose judges exercise some of the federal judicial power without the specific attributes of independence mentioned in the Article's first section.  There is no qualifying language saying that these arrangements will obtain unless Congress (or Congress and the President in concert) deems a different structure necessary.  Such a qualification would be wholly at odds with the evident meaning and purpose of the provisions in Article III.

When issues decided by non-Article III administrators appear to fall within the realm of the judicial power, those decisions are not final in the same sense as a judicial determination until confirmed by a judge appointed in conformity with Article III.  The classic exposition is Crowell v. Benson, 285 U.S. 22 (1932), which found that lack of finality on matters within the judicial power (as well as on "jurisdictional facts" critical

THE BERGLUND GROUP
2800 Neilson Way
Suite 1613
Santa Monica, CA 90405
(310) 567-6670

printed on recycled paper

MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)       ADV. NO. 09-01732

to determination whether a matter *is* within the judicial power) preserved the constitutional legitimacy of an administrative scheme. Id. at 51-65 (approving law respecting employment-related compensation of longshoremen). Crowell analogized the role of the agency there to that of a special master whose determinations, even where there is some weight given to them, "are essentially of an advisory nature," assisting the Article III court that finally decides matters. Id. at 51.

In Stern v. Marshall, 564 U.S. ___, 131 S. Ct. 2594 (2011) ("Stern"), the Supreme Court held that while bankruptcy courts have statutory authority under 28 U.S.C. § 157(b) to issue a final judgment on a state law counterclaim for tortious interference, the granting of such authority by Congress to a non-Article III court was unconstitutional. Stern, 131 S. Ct. at 2620.  When suits are premised upon traditional common law actions, such as tortious interference, and are "brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts." 131 S. Ct. at 2609.

The Stern decision expanded upon the Supreme Court's earlier holding in Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982) ("Marathon"), where it was determined that a Bankruptcy Court could not "constitutionally be vested with jurisdiction to decide [a] state-law contract claim" against an entity that was not otherwise part of the bankruptcy proceedings. Stern, 131 S. Ct. at 2609-2610, citing Marathon, 458 U.S. at 53, 87, n.

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper
MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)       ADV. NO. 09-01732

40, (plurality opinion); see id., at 89-92, 102 (Rehnquist, J., concurring in judgment). In order to protect the integrity of Article III courts, the Marathon plurality held that Congress could only remove controversies from Article III courts in the case of territorial courts, military courts, or in matters involving a "public right." Marathon, 458 U.S. at 67-70. Public rights are claims which derive "from a federal regulatory scheme, or in which resolution of the claim by an expert government agency is deemed essential to a limited regulatory objective within the agency's authority. . . . [W]hat makes a right 'public' rather than private is that the right is integrally related to particular federal government action." Stern, 131 S. Ct. at 2612.

The Stern Court singled out its prior opinion in Granfinanciera, to make this point:

> In Granfinanciera we rejected a bankruptcy trustee's argument that a fraudulent conveyance action filed on behalf of a bankruptcy estate against a noncreditor in a bankruptcy proceeding fell within the "public rights" exception. We explained that, "[i]f a statutory right is not closely intertwined with a federal regulatory program Congress has power to enact, and if that right neither belongs to nor exists against the Federal Government, then it must be adjudicated by an Article III court." We reasoned that fraudulent conveyance suits were "quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res."

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper
MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)      ADV. NO. 09-01732

Stern, 131 S. Ct. at 2614.  In Stern, the debtor's counterclaim for tortious interference was not a public right.  The issue before the bankruptcy court was neither a discharge in bankruptcy nor the resolution of a proof of claim.  "The claim [was] instead one under state common law between two private parties."  Id.  The debtor merely sought to augment the estate.  Thus, "[t]he Bankruptcy Court . . . lacked the constitutional authority to enter a final judgment . . ." Id. at 2620.

In the adversary proceeding before this Court, Counts III and IV asserted against Koch in the Complaint are common law claims premised upon Koch's alleged breaches of a Distribution Agreement, which agreement predates these bankruptcy proceedings.  Berglund Dec. Exh. 1.  Thus, the trier of fact will have to determine the parties' rights under the Distribution Agreement and the amount, if any, owed.  Under Stern, a bankruptcy Court may not constitutionally enter a final judgment upon these claims.  While the Granfinanciera decision held that the defendant was entitled to a Seventh Amendment jury trial of the fraudulent conveyance action due to the state common law nature of that claim, the opinion explicitly left open the question of whether a bankruptcy court can constitutionally conduct a jury trial on such common law claims.  Granfinanciera, 492 U.S. at 64.

Stern, however, has now answered the question in the negative, characterizing the debtor's "counterclaim for tortious interference as one at common law that simply

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)      ADV. NO. 09-01732

attempts to augment the bankruptcy estate -- the very type of claim that we held in

<u>Northern Pipeline</u> **and <u>Granfinanciera</u> must be decided by an Article III court.**"

<u>Stern</u>, 131 S. Ct. at 2616 (emphasis added).

Koch reads this language in the opinion to state that, regardless of consent, the

Bankruptcy Court cannot hold a jury trial on Counts III and IV because it cannot

constitutionally enter a final judgment.  If a jury verdict reached in a bankruptcy court

proceeding was subject to review by the district court, it would violate the

Reexamination Clause of the Seventh Amendment.  U.S. Const. amend. VII.

To proceed with a jury trial before this Bankruptcy Court on state law claims

intended to augment the estate is to risk either party asserting that the end result is

unconstitutional on appeal.  Movants therefore suggest that the issue be avoided and

judicial resources protected by trying this case before the District Court.

Bifurcation of Counts I and II from III and IV will result in a waste of judicial

resources, and the resources of the parties.  As set forth in the Fourth Amended Joint

Pretrial Stipulation, no matter which count of the Complaint is at issue, the key

witnesses will remain the Plaintiff, R. Todd Neilson, former Trustee Richard Diamond

and Plaintiff's expert David Judd on the one hand and Darren Throop, Michael Koch

and Michael Healy on the other.  <u>See</u> <u>e.g.</u> Fourth Amended Joint Pretrial Stipulation, at

119-122.

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

19

printed on recycled paper

MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)      ADV. NO. 09-01732

1    The issues among the counts are also interrelated because, as Plaintiff insists and

2    the Movants dispute, it is alleged that the breaches of the Distribution Agreement

3

4    which are the subject of Counts III and IV are also breaches of the Settlement

5    Agreement reached in connection with the Asset Purchase Agreement, which is the

6    subject of Counts I and II.  Complaint, at ¶57.  Moreover, as the Movants insist and the

7

8    Plaintiff disputes, Movants can set off amounts owed under the Asset Purchase

9    Agreement against amounts which might be payable under the Distribution

10   Agreement.

11

12    For the foregoing reasons, Movants respectfully suggest that this case be tried in

13   its entirety at the District Court level.

14

15   Dated:  February 6, 2012              **THE BERGLUND GROUP**

16

17

18                                         By: _____

19                                              Keith W. Berglund
20                                              Steven D. Wegner
                                               Attorneys for ENTERTAINMENT ONE
21                                              LTD.; and KOCH ENTERTAINMENT LP.

22

23

24

25

26

27

28

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6670

printed on recycled paper

MOTION TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)      ADV. NO. 09-01732

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
R.TODD NEILSON, Chapter 7 Trustee of DEATH ROW RECORDS,INC., and MARION "SUGE" KNIGHT

**DEFENDANTS**
ENTERTAINMENT ONE LTD', and KOCH ENTERTAINMENT LP

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
GEORGE E. SCHULMAN, STEVEN J. SCHWARTZ;DANNING,GILL,DIAMOND & KOLLITZ,LLP,2029 CENTURY PARK EAST,THIRD FLOOR,LOS ANGELES,CA. 90067; 310-277-0077

Attorneys (If Known)
KEITH BERGLUND;THE BERGLUND GROUP,149 S. BARRINGTON AVE,#181,LOS ANGELES,CA.90049;310-567-6070;DANIEL J.AARON,DANIEL J. AARON,P.C.,90 PARK AVE,STE 701,NEW YORK,N.Y. 10016; 212-684-4466

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $$4,000,000.00 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
MOTION FOR WITHDRAWAL OF REFERENCE OF STATE LAW BREACH OF CONTRACT CASE WITH JURY DEMAND UNDER 28 U.S.C. 157

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☑ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-01192

**FOR OFFICE USE ONLY:**   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| | NEW YORK |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| | NEW YORK |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Keith Berglund_     Date _2-6-2012_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |