GEORGE E. SCHULMAN (State Bar No. 064572)
gschulman@dgdk.com
STEVEN J. SCHWARTZ (State Bar No. 200586)
sschwartz@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for R. Todd Neilson, Chapter 7 Trustee of
Death Row Records, Inc., and Marion "Suge" Knight, Jr.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DEATH ROW RECORDS, INC.,<br><br>Debtor. | Case No. 2:06-bk-11205-VZ<br><br>Chapter 7 |
| R. TODD NEILSON, Chapter 7 Trustee of DEATH ROW RECORDS, INC., and MARION "SUGE" KNIGHT, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>ENTERTAINMENT ONE LTD.; and KOCH ENTERTAINMENT LP,<br><br>Defendants. | Adv. No. 2:09-ap-01732-VZ<br><br>USDC Case No. 2:12-cv-01192-JFW<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING FROM BANKRUPTCY COURT UNDER 28 U.S.C. 157(d), FRBP 5011, AND LOCAL BANKRUPTCY RULE 5011-1**<br><br>Hearing Date: March 12, 2012<br>Time: 1:30 p.m.<br>Ctrm.: "16"<br>312 N. Spring Street<br>Los Angeles, CA 90012 |

551866.1 25382

1

**TABLE OF CONTENTS**

**Page**

I. BACKGROUND ................................................................................................. 2

II. SUMMARY OF ARGUMENT ......................................................................... 2

III. DEFENDANTS' MOTION IS TIME-BARRED ............................................. 3

IV. THE BANKRUPTCY COURT CAN CONDUCT A JURY TRIAL AND ENTER FINAL JUDGMENT ON THE THIRD AND FOURTH CLAIMS FOR RELIEF .............................................................................. 5

    A. Stern v. Marshall Should Be Interpreted Narrowly. ............................. 5

    B. The Bankruptcy Court Can Enter a Final Judgment. ........................... 6

    C. The Bankruptcy Court Can Enter Final Judgment With the Parties' Consent. ................................................................................... 7

V. IT IS IN THE INTERESTS OF JUDICIAL ECONOMY AND EXPEDIENCE TO ALLOW THE BANKRUPTCY COURT TO CONDUCT A TRIAL ON ALL OF THE CLAIMS FOR RELIEF ................ 8

VI. ALTERNATIVELY, THE COURT SHOULD WITHDRAW REFERENCE ONLY TO THE THIRD AND FOURTH CLAIMS FOR RELIEF ................................................................................................................ 9

VII. CONCLUSION ................................................................................................ 10

**TABLE OF AUTHORITIES**

Page

## Cases

Burtch v. Huston, et al (In re USDigital, Inc.),
    461 B.R. 276 (Bankr. D. Del. 2011) ................................................................. 5

Heller Ehrman LLP v. Arnold & Porter, LLP (In re Heller Ehrman LLP),
    2011 WL 4542512 at *4 (Bankr. N.D. Cal. 2011) ............................................. 6

In re GB Herndon and Assoc., Inc.
    2011 WL 4628805, at *8- *12 (Bankr. D.D.C. 2011) ....................................... 8

In re Olde Prairie Block Owner, LLC,
    457 B.R. 692 (Bankr. N.D. Ill. 2011) ................................................................. 8

In re Oxford Expositions, LLC,
    2011 WL 4074028, at *8-*9 (Bankr. N.D. Miss. 2011) ................................... 8

In re Pro-Pac, Inc.,
    2011 WL 4469973, at *2 (Bankr. E.D. Wis. 2011) .......................................... 8

In re Safety Harbor Resort & Spa,
    2011 WL 3849639, at *11-*12 (Bankr. M.D. Fla. 2011) ................................. 8

Mercury Companies, Inc. v. FNF Security Acquisition, Inc.,
    260 B.R. 778 (D. Colo. 2011) .................................................................. 5, 7, 8

Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,
    458 U.S. 50, 102 S. Ct. 2858 (1982) ................................................................ 7

Stern v. Marshall,
    564 U.S. ___, 131 S. Ct. 594 (2011) ...................................................... 3-8,10

## Statutes

28 U.S.C. § 157(d) ..................................................................................................... 4

28 U.S.C. § 157(e) ..................................................................................................... 4

28 U.S.C. §157(b)(2)(A), (B) and (O) ....................................................................... 7

28 U.S.C. §157(c)(2) ................................................................................................. 6

Local Bankruptcy Rule 9015-2(h) ............................................................................. 3

Plaintiff R. Todd Neilson, Trustee, hereby responds to Defendants' Motion to withdraw the reference of this adversary proceeding (the "Motion").

## I.

## BACKGROUND

Plaintiff entered into a contract with Defendant Entertainment One Ltd. ("eOne") to sell the catalog of certain music rights from the bankruptcy estate for $23 million. Defendant eOne paid a deposit of $1 million. Defendant eOne was out-bid, but the overbidder defaulted. Defendant eOne was the designated back up bidder, but it defaulted as well. Plaintiff finally sold the catalog for $5 million less than Defendant eOne's bid. Plaintiff seeks in Counts 1 and 2 to take the deposit, now held in escrow and to obtain cover damages. Defendant eOne waived a jury trial on these two counts and consented to Bankruptcy Court jurisdiction in the sale agreement, and does not contest that here.

Plaintiff became the owner of certain pre-bankruptcy contract rights with Defendant Koch, a separate entity from eOne, although they are related. Plaintiff and Koch dispute how much Koch owes Plaintiff with regard to distribution of the catalog in the about 8 months prior to the sale. Counts III and IV address that dispute. Defendant Koch admits it owes at least $317,146.80, but is withholding that on some sort of offset theory even though Defendant Koch claims no damages against the Trustee. The pre-bankruptcy contract between the Debtor and Defendant Koch contain no jury trial waiver.

## II.

## SUMMARY OF ARGUMENT

Defendants take the position that because Defendant Koch has a right to a jury trial on the Third and Fourth Claims for Relief,[1] the entire case should be sent to the

---

[1] Defendants could not request a jury trial on the First and Second Claims for Relief which are based upon a breach of a sale agreement in which the parties expressly

(footnote continued...)

551866.1 25382                                    2

1  District Court for trial.  This, despite the Defendants early in the case representing,
2  and consenting to have the jury trial held before the Bankruptcy Court, and
3  Defendants' failure to timely move for withdrawal of the reference.
4       Trial in this case was scheduled for next month but that date has now been
5  vacated as a result of Defendants' Motion.  As discussed below, neither <u>Stern v.</u>
6  <u>Marshall</u>, 564 U.S. ___, 131 S. Ct. 2594 (2011), nor any of the cases preceding it,
7  create a legal impediment to the Bankruptcy Court conducting a bench trial on the
8  first two claims for relief (as well as Defendants' counterclaims) and a jury trial on
9  Claims III and IV.  The District Court can and should send this case back to the
10 Bankruptcy Court to be tried, or in the alternative, keep only Claims III and IV and
11 send the first two claims (and the Defendants' counterclaims) back to the Bankruptcy
12 Court for a bench trial, as the issues therein are separate and distinct from the issues
13 in Claims III and IV and do not require all of the same witnesses and no expert
14 testimony is being proffered on the first two claims for relief.
15      The Trustee sees no reason why these matters should be added to the already
16 over-burdened District Court calendar when the parties have consented to the
17 Bankruptcy Court holding a trial and the Bankruptcy Court has already stated its
18 willingness to hold the same.  The Motion should be denied.

### III.
### **DEFENDANTS' MOTION IS TIME-BARRED**

21  Local Bankruptcy Rule 9015-2(h) provides as follows:
22  <u>Motion for Withdrawal of Reference.</u>
23       (1)    Within 7 days of the entry of the pretrial order, any party may file and
24  serve a motion to the district court to withdraw reference pursuant to LBR5011-1.

---

26  (continued)
27  consented to the jurisdiction of the Bankruptcy Court to hear all disputes and waived
    their right to a jury with respect to those matters.
28

551866.1 25382                                3

(2) The failure of any party to file and serve a motion to withdraw reference within the 7-day time period constitutes consent by all parties to the jury trial being presided over by the bankruptcy judge.

(3) Nothing in this rule precludes an earlier motion to withdraw reference on the grounds set forth in 28 U.S.C. § 157(d).

28 U.S.C. § 157(e) provides that "[i]f the right to as trial by jury applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

The pre-trial order was entered on November 2, 2011, and the Motion was not filed until February 7, 2012.[2] Plaintiff has been and is ready for a trial but for this delay caused by Defendants' failure to follow the Bankruptcy Court rules and procedures. Indeed, nothing prevented Defendants from seeking to withdraw the reference earlier than prescribed by the Local Bankruptcy Rules and this case has been pending since June 19, 2009. Defendants offer no explanation for their failure to timely file the Motion. Accordingly, the Trustee submits that Defendants' Motion is time-barred and their failure to timely file the Motion should be deemed consent to the Bankruptcy Court to conduct the trial on all Claims.

---

[2] Visiting Bankruptcy Judge Rendlen gave Defendants to January 30, 2012 to file the Motion when the raised the withdrawal issue. Plaintiff later consented to compliance by February 7, 2012 as a courtesy to defense counsel. However, filing by January 30, 2012 would still be more than two months late.

551866.1 25382                                4

# IV.

# THE BANKRUPTCY COURT CAN CONDUCT A JURY TRIAL AND ENTER FINAL JUDGMENT ON THE THIRD AND FOURTH CLAIMS FOR RELIEF

### A. Stern v. Marshall Should Be Interpreted Narrowly.

In Stern v. Marshall, 131 S. Ct. at 2609-2610 (2011), the Supreme Court held that the Bankruptcy Court did not have the constitutional authority to enter a final judgment on a state law counterclaim that was not resolved in the process of ruling on a creditor's proof of claim. See also, Mercury Companies, Inc. v. FNF Security Acquisition, Inc., 260 B.R. 778, 780-781 (D. Colo. 2011). Since its opinion was issued, there has been much debate over the breadth and scope of the Supreme Court's holding, i.e., whether its holding should be limited to the issue in that case, concerning the constitutionality of a state law counterclaims (or even more narrowly, state law counterclaims for tortious interference not capable of being resolved in the claims allowance process), whether it serves to invalidate the Bankruptcy Court's ability to hold a trial on any claims not based upon a "public right," or something in-between. See, e.g., Burtch v. Huston, et al (In re USDigital, Inc.), 461 B.R. 276-293 (Bankr. D. Del. 2011) (Discussing both interpretations and opting for a narrow interpretation of Stern as its applies solely to the "one isolated respect" of a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.)

In USDigital, the court, while acknowledging that several statements in the Stern decision suggest a broader scope, also acknowledged that the Supreme Court made a great effort to expressly limit the application of its holding to the narrow issue at hand. See, USDigital at 287-288 (citing Stern at 2620 (emphasis added)) ("We conclude today that Congress, *in one isolated respect,* exceeded" the Constitutional limitation on the exercise of judicial power to Article III judges by

1 empowering the bankruptcy court "to enter a final judgment on a state law
2 counterclaim that is not resolved in the process of ruling on a creditor's proof of
3 claim.") In addition to the above statement, the Court in <u>Stern</u> concluded that it did
4 "not think the removal of counterclaims such as Vickie's from core bankruptcy
5 jurisdiction *meaningfully changes the division of labor in the current statute*; we
6 agree with the United States that the question here is a 'narrow' one." <u>Id.</u> (emphasis
7 added); <u>see</u> <u>also</u>, <u>Heller Ehrman LLP v. Arnold & Porter, LLP (In re Heller Ehrman</u>
8 <u>LLP)</u>, 2011 WL 4542512 at *4 (Bankr. N.D. Cal. 2011) ("In fact, [<u>Stern</u>]
9 emphasized—repeatedly—that its holding was narrow and limited to Section
10 157(b)(2)(C) (counterclaims))."

11      Accordingly, this Court should give credence to the Supreme Court's express
12 limitation of the effect of the <u>Stern</u> holding to counterclaims based upon state law, of
13 which Claims III and IV are not, and hold that <u>Stern</u> does not alter the Bankruptcy
14 Court's ability to enter final judgment.

15     **B.**    **The Bankruptcy Court Can Enter a Final Judgment**.

16      Defendants argue that the Bankruptcy Court is unable to enter a final judgment
17 and that thus a jury trial cannot be conducted as it would violate the Seventh
18 Amendment of the U.S. Constitution. Since the parties stipulated in the pre-trial
19 order that the Bankruptcy Court has jurisdiction to resolve this dispute, the issue of
20 whether Claims III and IV are "core" (allowing final judgment) or "non-core" (only
21 allowing proposed findings to be sent to the District Court for approval) has not been
22 addressed and is irrelevant. <u>See</u>, 28 U.S.C. §157(c)(2) ("[T]he district court, with
23 the consent of all the parties to the proceeding, may refer a proceeding related to a
24 case under title 11 to a bankruptcy judge to hear and determine and to enter
25 appropriate orders and judgments, subject to review under section 158 of this title
26 [appeals]"). Thus, in the absence of any constitutional impediment under <u>Stern</u>,
27 whether or not claims III and IV are "core" or "non-core," this Court is able to refer
28 the case back to the Bankruptcy Court for a final judgment.

551866.1 25382                                    6

Nonetheless, the Trustee would contend (and has alleged) that Counts III and IV are "core" proceedings as they are matters concerning the administration of the estate, allowance or disallowance of claims against the estate, and affect the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. See, 28 U.S.C. §157(b)(2)(A), (B) and (O). While those claims implicate state law issues, they are also implicated in a post-petition settlement agreement between the Trustee and Koch involving the resolution of claims against the estate, which, among other things, allowed Koch to continue to distribute estate assets and collect royalties up until consummation of the sale of the Debtor's asset portfolio.[3] Accordingly, unlike in Stern or in Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S. Ct. 2858 (1982) ("Marathon"), where the state law claims were against persons or entities that were not otherwise part of the bankruptcy case, Koch was intimately involved in the bankruptcy case not just as a pre-petition creditor, having been a distributor of assets of the estate post-petition and incurring obligations to pay royalties to the Trustee. It is from Koch's breach of his post-petition obligations to pay such royalties that Claims III and IV arise. Thus, Claims III and IV stem from the administration of the bankruptcy itself and the Bankruptcy Court may be authorized to issue final rulings. Stern 131 S. Ct. at 2618.

### C. **The Bankruptcy Court Can Enter Final Judgment With the Parties' Consent**.

Koch now argues that in the wake of Stern, the Bankruptcy Court cannot enter a final judgment on Counts III and IV regardless of consent. Numerous courts disagree with this interpretation of the Stern holding. See, e.g., Mercury, 460 B.R. at 783, In re GB Herndon and Assoc., Inc. 2011 WL 4628805, at *8- *12 (Bankr.

---

[3] See, Settlement Agreement and Mutual Release attached as Exhibit "1" to the Plaintiff's complaint (Tab No. 00029-00039 attached to Declaration of Keith Berglund).

1  D.D.C. 2011); In re Pro-Pac, Inc., 2011 WL 4469973, at *2 (Bankr. E.D. Wis. 2011);
2  In re Oxford Expositions, LLC, 2011 WL 4074028, at *8-*9 (Bankr. N.D. Miss.
3  2011); In re Safety Harbor Resort & Spa, 2011 WL 3849639, at *11-*12 (Bankr.
4  M.D. Fla. 2011); In re Olde Prairie Block Owner, LLC, 457 B.R. 692, 699-702
5  (Bankr. N.D. Ill. 2011).

In Mercury, the court pointed out that in Stern, the Court held that the defendant in the adversary proceeding had consented to the authority of the Bankruptcy Court to resolve his defamation claim against the debtor by filing the claim and litigating it there for over two years. Mercury, at 782-783; Stern, 131 S. Ct. at 2608 ("If [the defendant] believed that the Bankruptcy Court lacked the authority to decide his claim for defamation, then he should have said so- and said so promptly.") The court in Mercury viewed this as constituting "a clear rejection of Defendant's argument that one cannot consent to the authority (constitutional or otherwise) of the bankruptcy court to enter final orders and judgment in an adversary proceeding." Mercury, 460 B.R. at 782-783 (quoting Stern at 2608).

Thus, even if the overall holding in Stern is interpreted more broadly than the Court's express limitation, it still would not preclude the parties from consenting to the Bankruptcy Court's conducting the trial in this case.

V.

**IT IS IN THE INTERESTS OF JUDICIAL ECONOMY AND EXPEDIENCE TO ALLOW THE BANKRUPTCY COURT TO CONDUCT A TRIAL ON ALL OF THE CLAIMS FOR RELIEF**

As discussed above, Stern does not create an impediment to the Bankruptcy Court holding a jury trial on Claims III and IV where the parties have consented to such a trial. It is in the interest of both parties to have the trial conducted in the Bankruptcy Court, since it is far more likely that the Bankruptcy Court will

///

///

551866.1 25382                                    8

accommodate a sooner trial than in the District Court.[4] Had the Defendants not waited until months after the pre-trial order was entered to move to withdraw the reference, then perhaps the trial would have begun before this Motion is heard.

The only rationale that Defendants assert for not proceeding with a jury trial in Bankruptcy Court is that it will leave open the risk that either party will assert that the end result is unconstitutional on appeal. This is absurd, since both parties have consented and stipulated to the jurisdiction of the Bankruptcy Court to determine this dispute and thus would be estopped from arguing otherwise at the conclusion of the trial or on appeal.

## VI.

## ALTERNATIVELY, THE COURT SHOULD WITHDRAW REFERENCE ONLY TO THE THIRD AND FOURTH CLAIMS FOR RELIEF

Even if this Court allows reference to be withdrawn as to Claims III and IV, there should be no issue as to leaving Claims I and II to be tried in Bankruptcy Court. Defendants' assertion that the key witnesses in the Claims are the same is misleading. While some of the percipient witnesses are the same in all claims, the expert testimony is only set forth as to Claims III and IV and thus would not be necessary in a bench trial on Claims I and II. Moreover, the issues are completely different.

*Neilson v. Koch* has two major components. In the first part of the case, the Trustee seeks a determination of who, between the Trustee and Defendants, is entitled to the deposit being held in escrow (Claim I). If it is determined that the EOne breached the EOne Asset Purchase Agreement, the Trustee seeks not only the deposit but damages as well for EOne's breach of contract (Claim II).[5] Defendants'

---

[4] The Bankruptcy Court had a trial already set to begin March 5, 2012, which was vacated as a result of the Motion.

[5] The Asset Purchase Agreement provides that in the event of any dispute, the parties waive jury trial and consent to the jurisdiction of the Bankruptcy Court. See,

(footnote continued...)

551866.1 25382                                    9

1 | counterclaims also relate to the deposit and to claims for a break-up fee associated
2 | with the APA.
3 |     In the second part of the case (Claims III and IV), the Trustee seeks damages,
4 | turnover and an accounting from Koch based upon Koch's distribution of the catalog
5 | of Death Row's and Knight's music during the post-petition period from approval of
6 | a settlement of prior disputes in June 2008, and the sale of the catalog to WideAwake
7 | about 9 months later, in February 2009. Thus, since the claims are unrelated other
8 | than their inclusion in one complaint, there is no danger of duplication of effort in the
9 | event that the trial is bifurcated.

## VII.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Motion be denied as to all Claims, or in the alternative, that reference be withdrawn only with respect to a jury trial on Claims III and IV and that Claims I and II be sent back to

///
///
///
///
///
///
///
///
///

---

(continued)
Paragraph 18 to the Asset Purchase Agreement (Exhibit "2" to the complaint, attached to the Declaration of Keith Burglund at Tab No. 0018-0019). Nothing in *Stern v. Marshall* and nothing in Defendants' Report seems to affect trial on these two claims for relief.

551866.1 25382                                                    10

the Bankruptcy Court for a bench trial. Plaintiff requests such other appropriate relief in the premises.

DATED: February 17, 2012

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: /s/ Steven J. Schwartz

STEVEN J. SCHWARTZ
Attorneys for R. Todd Neilson, Chapter 7 Trustee of Death Row Records, Inc., and Marion "Suge" Knight, Jr.

## PROOF OF SERVICE

I, Cheryl Caldwell, declare:

I am employed by the law firm of Danning, Gill, Diamond & Kollitz, LLP, in the County of Los Angeles, State of California. I am employed in the office of a member of the bar of this court at whose direction the service was made. I am over the age of 18 years and am not a party to the within action. My business address is 1900 Avenue of the Stars, 11th Floor, Los Angeles, California 90067-4402.

On February 17, 2012, I served the following document(s): **PLAINTIFF'S OPPOSITION TO MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING FROM BANKRUPTCY COURT UNDER 28 U.S.C. 157(d), FRBP 5011, AND LOCAL BANKRUPTCY RULE 5011-1** on the interested parties addressed as follows:

SEE ATTACHED SERVICE LIST

(By Mail) I placed the document for collection and deposit in the mail. I am familiar with this firm's practice for the collection and processing of correspondence for mailing. Under that practice, the document would be placed in a sealed envelope and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 1900 Avenue of the Stars, 11th Floor, Los Angeles, California 90067-4402 in the ordinary course of business. The documents served were placed in sealed envelopes and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on February 17, 2012, at Los Angeles, California.

_____Cheryl Caldwell_____         *Cheryl Caldwell*
(Type or print name)                              (Signature)

554055.1  25382                                    1

## SERVICE LIST

**Attorneys for Defendants**
Keith Berglund
The Berglund Group
149 S. Barrington Avenue, Suite 18
Los Angeles, CA 90049

Daniel J. Aaron
Daniel J. Aaron, P.C.
90 Park Avenue, Suite 701
New York, NY 10016

Hon. Charles E. Rendlin, III
United States Bankruptcy Court
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

554055.1  25382

2