KEITH BERGLUND (State Bar No. 207469)
STEVEN WEGNER (State Bar No. 58585)
The Berglund Group
149 S. Barrington Avenue, Suite 181
Los Angeles, CA 90049
Telephone: (310) 567-6070, Facsimile: (310) 564-0327
berglundgroup@yahoo.com

DANIEL J. AARON
Daniel J. Aaron, P.C.
90 Park Avenue, Suite 701
New York, New York 10016
Telephone: (212) 684-4466, Facsimile: (212) 684-5566

Attorneys for Entertainment One Ltd.
and Koch Entertainment LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:06-bk-11205-VZ |
| DEATH ROW RECORDS, INC., | Chapter 7 |
| Debtor. | *USDC Case No. 2:12-cv-01192-JFW* |
| R. TODD NEILSON, Chapter 7 Trustee of DEATH ROW RECORDS, INC., and MARION "SUGE" KNIGHT, JR., | Adv. No. 2:09-ap-01732-CR |
| Plaintiff, | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE** |
| vs. | |
| ENTERTAINMENT ONE LTD.; and KOCH ENTERTAINMENT LP, | Date:  March 12, 2012<br>Time:  1:30 p.m.<br>Ctrm.:  16 |
| Defendants. | 312 N. Spring Street<br>Los Angeles, CA 90012 |

1

printed on recycled paper

**MOVANTS ENTERTAINMENT ONE LTD AND KOCH
ENTERTAINMENT LP'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO WITHDRAW THE REFERENCE
OF THIS ADVERSARY PROCEEDING UNDER 28 U.S.C. § 157(D),
FEDERAL RULE OF BANKRUTPCY PROCEDURE 5011
AND LOCAL BANKRUPTCY RULE 5011-1**

Movants Entertainment One Ltd. ("eOne") and Koch Entertainment LP
("Koch," and, collectively with eOne, "Movants" or "Defendants"), through
undersigned counsel, at the invitation of the Bankruptcy Court, respectfully file this
Reply Memorandum in Support of its Motion to Withdraw the Reference of Adversary
Proceeding No. 09-ap-01732-VZ (the "Adversary Proceeding") in response to
Plaintiff's Opposition to Motion to Withdraw Reference of Adversary Proceeding
From Bankruptcy Court Under 28 U.S.C. § 157(d), FRBP 5011, and Local Bankruptcy
Rule 5011-1 (the "Opposition").  Terms not otherwise defined herein shall have the
meanings set forth in Defendants' moving papers.

Dated: February 27, 2012          **THE BERGLUND GROUP**


By: _____
    Keith W. Berglund
    Steven D. Wegner
    Attorneys for ENTERTAINMENT ONE
    LTD.; and KOCH ENTERTAINMENT LP.

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

Table of Authorities.................................................................................4

I.      DEFENDANTS' MOTION IS NOT TIME BARRED.......................................5

II.     PLAINTIFF DOES NOT CONTEST KOCH'S RIGHT TO A JURY TRIAL....5

III.    KOCH'S RIGHT TO A JURY TRIAL AND THE CONSERVATION OF
        JUDICIAL RESOURCES CONSTITUTE CAUSE FOR WITHDRAWAL.......7

E. BERGLUND GROUP
2500 Broadway Way
Suite 1-15
Santa Monica, CA 90405
(310) 362-6070

printed on recycled paper

REPLY MEMORANDUM TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)      ADV. NO. 09-01732

# TABLE OF AUTHORITIES

**Cases**

Crowell v. Benson,

    285 U.S. 22 (1932)..................................................................... 8

Granfinanciera v. Nordberg,

    492 U.S. 33 (1989)..................................................8-9

Mercury Companies, Inc. v. FNF Security Acquisition, Inc.,

    460 B.R. 778 (D. Colo. 2011)..........................................8

Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,

    458 U.S. 50 (1982)..................................................8-9

Security Farms v. International Bhd. of Teamsters,

    124 F.3d 999 (9th Cir. 1997)......................................5

Stern v. Marshall,

    131 S. Ct. 2594 (2011)..................................5-6, 8-11

**Constitution**

U.S. Const. art. III, § 1...............................................6

U.S. Const. amend. VII ...........................................6-7


**Statutes**

28 U.S.C. § 157...........................................................5

28 U.S.C. § 157(b)(2)(B)..........................................9

28 U.S.C. § 157(e)......................................................6

**Rules**

Loc. R. Bankr. Pro. 9015-2(h)..................................6

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

## I.    DEFENDANTS' MOTION IS NOT TIME BARRED

The instant motion is most certainly not, as Plaintiff states on page 4 of his Opposition, a "delay caused by Defendants' failure to follow Bankruptcy Court rules and procedures."  This motion was made at the invitation of the Bankruptcy Court, which sua sponte raised the issue of Stern v. Marshall, 564 U.S. ___, 131 S. Ct. 2594 (2011) ("Stern"), sought reports from the parties thereon, and altered the trial schedule to accommodate this motion.

The statutory requirement in 28 U.S.C. § 157 of a "timely" motion to withdraw does not set any particular timetable for the making of the motion.  "A motion to withdraw is timely 'if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1007 (9th Cir. 1997)(citation omitted).  The Bankruptcy Court's legitimate concern as to its ability to hold a jury trial was a new development in the instant bankruptcy proceeding.  This motion was then made within the timeframe set by the Bankruptcy Court and is timely.

## II.    PLAINTIFF DOES NOT CONTEST KOCH'S RIGHT TO A JURY TRIAL

Plaintiff has never affirmatively stated in writing that he consents to a jury trial on Counts III and IV of the Complaint.  Until now, Defendants have relied upon Plaintiff's failure to make the motion objecting to the use of a jury as had been provided for in the Bankruptcy Court's Scheduling Order.  Plaintiff's lack of

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper
REPLY MEMORANDUM TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)    ADV. NO. 09-01732

1   affirmative consent is reflected on page 2 of the Fourth Amended Pretrial Stipulation

2   where it states that jurisdiction is "UNCONTESTED, except that Defendant Koch

3   asserts the right to a jury trial with respect to the Third and Fourth Claims for Relief."

4   On pages 3-4 of Plaintiff's Opposition, Plaintiff now intimates, by quoting Local

5   Bankruptcy Rule 9015-2(h), that Plaintiff's consent might be imputed from his own

6
7   failure to make a motion for withdrawal under Local Bankruptcy Rule 9015-2(h).  Loc.

8   R. Bankr. Pro. 9015-2(h).  On page 9 of Plaintiff's Opposition he states that he has

9   "stipulated to the jurisdiction of the Bankruptcy Court to determine the dispute," but

10
11  the issue, as in Stern, is not whether Congress granted bankruptcy courts jurisdiction to

12  hold jury trials.  The issue, as discussed below, is whether the granting of such

13
14  jurisdiction comports with Article III of the Constitution.  Stern, 131 S. Ct. at 2620;

15  U.S. Const.  art. III, § 1.  Even if it were crystal clear that both parties affirmatively

16
17  consented to a jury trial, it would still remain for this Court to "designate" the

18  Bankruptcy Court to do so under 28 U.S.C. § 157(e) and the Bankruptcy Court wants

19
20  to make sure that the issues raised by Stern are addressed.  For this reason, the Motion

21  was made.  In the meantime, Defendants submit that a fair reading of the Opposition is

22
23  that Plaintiff does not object to a Seventh Amendment jury trial on Counts III and IV

24  no matter which court holds the trial.  U.S. Const.  amend. VII.

25
26
27
28

E. BERGLUND GROUP
2800 Neilson Way
Suite 1015
Santa Monica, CA 90405
(310) 567-6070

## III. KOCH'S RIGHT TO A JURY TRIAL AND THE CONSERVATION OF JUDICIAL RESOURCES CONSTITUTE CAUSE FOR WITHDRAWAL

An Article III court may not delegate "'the essential attributes of the judicial power'" to an adjunct. Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 77 (1982) (Brennan, J., plurality opinion, "Marathon") quoting Crowell v. Benson, 285 U.S. 22, 51 (1932). The authority to conduct a jury trial is an essential attribute. Bankruptcy courts have all of the usual powers of district courts and the very first power listed by the Marathon plurality was the authority to conduct jury trials. Id. at 85. Adjuncts require adequate review by an Article III court. Id. at 85. (Brennan, J., plurality opinion) (Clearly erroneous standard of review inadequate); see also id. at 91 (Rehnquist, J., concurring in the judgment) (holding that bankruptcy courts were not adjuncts because they were subject "only [to] traditional appellate review").

While de novo review may provide constitutionally adequate review, it is anathema to the reexamination clause of the Seventh Amendment. U.S. Const. amend. VII. Therefore, while the Supreme Court upheld the defendants' right to a Seventh Amendment jury trial in Granfinanciera v. Nordberg, 492 U.S. 33 (1989), it took pains to state that it was not expressing "any view as to whether the Seventh Amendment or Article III allows jury trials in such actions to be held before non-Article III bankruptcy judges subject to the oversight provided by the district courts pursuant to the 1984 Amendments." 492 U.S. at 64. This qualification was expressly stated in light of Justice White's dissent, criticizing the Court for '"preferring to be

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

obtuse" about which court must preside over the jury trial to which petitioners are entitled.'" Id. at 64 citing id. at 81 (White, J. dissenting).  As Justice White observed: "we have indicated on several previous occasions that bankruptcy courts -- by their very nature, courts of equity -- are forums in which a jury would be out of place." Id. at 80.

Stern, however, has now adopted the logic of Granfinanciera in such a way as to compel a negative answer to the question of whether a bankruptcy court can hold a jury trial, by characterizing the debtor's "counterclaim for tortious interference as one at common law that simply attempts to augment the bankruptcy estate -- the very type of claim that we held in Northern Pipeline **and Granfinanciera must be decided by an Article III court**." Stern, 131 S. Ct. at 2616 (emphasis added).

Neither Plaintiff's Opposition, nor a single case cited by Plaintiff at pages 7-8 thereof, including Mercury Companies, Inc. v. FNF Security Acquisition, Inc., 460 B.R. 778 (D. Colo. 2011), address whether or not Article III of the Constitution permits Congress to delegate judicial authority such that a bankruptcy court can hold a jury trial on the state law claims as in this case.  The cases cited do not involve jury trial requests and the Opposition does not attempt to dispute Stern's logic in this regard.

E BERGLUND GROUP
2800 Neilson Way
Suite 1115
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

The Defendants are not in the same position as the <u>Stern</u> litigant Pierce with respect to his defamation claim.[1]  Pierce filed a complaint and a proof of claim in bankruptcy court alleging defamation and then lost a summary judgment motion on that claim without raising any constitutional issues.  The Supreme Court rightly would not "tolerate the consequences of 'a litigant . . . 'sandbagging' the court -- remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor.'"  <u>Stern</u>, 131 S. Ct. at 2608 (citation omitted).  This form of consent is not present in the case at bar.  No trial has yet occurred.  The trial will not resolve a proof of claim.  The issue on this motion is where to hold a jury trial, something which Pierce had not raised.

Defendants believe that their moving papers adequately explain why resolution of Counts III and IV are not "core" proceedings, an issue which Plaintiff identifies on page 6 of his Opposition as "irrelevant."  Defendant's note however that on page 7 of the Opposition, Plaintiff cites 28 U.S.C. 157(b)(2)(B) referring to the allowance and disallowance of claims in support of the "core" nature of Counts III and IV.  This statute was not cited in the Complaint or in the Fourth Amended Joint Pretrial Stipulation.  Nor should it have been so cited, because no proof of claim is being

---

[1] The Defendants are more comparably in the position of Pierce with respect to Vickie's counterclaim for tortious interference in that, like Vickie, Plaintiff has asserted state law claims against the Defendants.

resolved, and Counts III and IV are state law claims based upon the breach of a prepetition contract.

It is true that the <u>Stern</u> Court stated that it did "not think" that its holding "meaningfully changes the division of labor in the current statute." <u>Id</u>. at 2620.  As reflected in the cases cited by Plaintiff under the shadow of <u>Stern</u>, bankruptcy courts continue to conduct all pretrial proceedings and to submit proposed findings to the district courts for review.  In this way, even in the context of state law based claims, the prior division of labor <u>has</u> largely remained unchanged.

Moreover, to limit the reach of <u>Stern</u> only to counterclaims exalts form over substance and ignores the fact that <u>Stern</u> required that a final determination be made by the District Court, not because the claim was advanced procedurally as a counterclaim, but because the debtor's counterclaim for tortious interference was not a public right. The issue before the bankruptcy court was neither a discharge in bankruptcy nor the resolution of a proof of claim.  "The claim [was] instead one under state common law between two private parties."  <u>Stern</u>, 131 S. Ct. at 2614.  As in the case at bar, the debtor merely sought to augment the estate.  Thus, "[t]he Bankruptcy Court . . . lacked the constitutional authority to enter a final judgment . . ." <u>Id</u>. at 2620.

Plaintiff's argument that holding a jury trial at the district court level will unduly burden district courts, as opposed to bankruptcy courts, was rejected in <u>Stern</u>:  "It goes without saying that 'the fact that a given law or procedure is efficient, convenient, and

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6433)

printed on recycled paper

REPLY MEMORANDUM TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)     ADV. NO. 09-01732

useful in facilitating functions of government, standing alone, will not save it if it is contrary to the Constitution.'" Id. at 2619 (citation omitted). "We cannot compromise the integrity of the system of separated powers and the role of the Judiciary in that system, even with respect to challenges that may seem innocuous at first blush." Id. at 2620.

Plaintiff alleges no prejudice should the trial be held at the district court level and the Defendants submit that neither side should have to go through a trial twice. As set forth in Defendants' moving papers this case is not as perfectly bifurcated as Plaintiff argues. The main witnesses for each side would be called upon twice. While the Defendants strongly prefer to have one trial at the District Court level, in the alternative, bifurcation would at least meet the constitutional concerns raised on this motion.

For the foregoing reasons, Movants respectfully suggest that this case be tried in its entirety at the District Court level.

Dated: February 27, 2012        **THE BERGLUND GROUP**


By: _Keith W. Berglund_

Keith W. Berglund
Steven D. Wegner
Attorneys for ENTERTAINMENT ONE
LTD.; and KOCH ENTERTAINMENT LP.

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6670

printed on recycled paper
REPLY MEMORANDUM TO WITHDRAW REFERENCE UNDER 28 U.S.C. § 157(D)        ADV. NO. 09-01732

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10850 Wilshire Blvd, Ste. 350, Los Angeles, CA 90024.

On February 27, 2012 I caused to be served the foregoing document(s) described as: REPLY MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW REFERENCE, AS FOLLOWS: George Schulman, Esq., Danning, Gill, 2029 Century Park East, 3rd Floor, Los Angeles, Ca. 90067-2904; Peter Haviland, Esq., Kaye Scholer, 1999 Avenue of the Stars, Ste 1700, Los Angeles, Ca. 90067, Hon. Charles E. Rendlin, III, United States Bankruptcy Court, 255 E. Temple Street, Ste 1682, Los Angeles, Ca. 90012

[x]      (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.

       (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

[ ]      (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the persons named above. Hon. Charles Rendlen, United States Bankruptcy Court, Room 1675, 255 E. Temple Street, Los Angeles, Ca. 90012.(relevant portions of transcript selected)

[ ]      (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile numbers:

Executed this February 27, 2012 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Jee Hye Lim

THE BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, California 90405
(310) 314-6813