**UNITED STATES DISTRICT COURT**                      JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 12-1192-JFW**                          Date:  March 8, 2012
           [2:06-bk-11205-VZ]

Title:     In Re Death Row Records, Inc.
           R. Todd Neilson, et al. -v- Entertainment One, Ltd., et al.

═══════════════════════════════════════════════════════════════════

**PRESENT:**
           **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

           **Shannon Reilly**                     **None Present**
           **Courtroom Deputy**                   **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                       None

**PROCEEDINGS (IN CHAMBERS):**      **ORDER DENYING DEFENDANTS' MOTION TO
                                     WITHDRAW REFERENCE OF ADVERSARY
                                     PROCEEDING FROM BANKRUPTCY COURT UNDER
                                     28 U.S.C. § 157(d), FRBP 5011, AND LOCAL
                                     BANKRUPTCY RULE 5011-1 [filed 2/10/2012; Docket
                                     No. 1]**

        On February 10, 2012, Defendants Entertainment One Ltd. ("eOne") and Koch
Entertainment LP ("Koch") (collectively "Defendants") filed a Motion to Withdraw Reference of
Adversary Proceeding From Bankruptcy Court Under 28 U.S.C. § 157(d), FRBP 5011, and Local
Bankruptcy Rule 5011-1 ("Motion to Withdraw Reference").  On February 17, 2012, Plaintiff R.
Todd Nielson, Chapter 11 Trustee of Death Row Records, Inc. and Marion "Suge" Knight, Jr. (the
"Trustee") filed his Opposition.  On February 27, 2012, Defendants filed a Reply.  Pursuant to Rule
78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is
appropriate for decision without oral argument.  The hearing calendared for March 12, 2012 is
hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and
reply papers and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

        On June 19, 2009, the Trustee commenced an adversary proceeding against Defendants in
the United States Bankruptcy Court for the Central District of California.  The Complaint alleges the
following claims for relief:  (1) declaratory judgment against eOne; (2) breach of contract against
eOne; (3) breach of contract against Koch; and (4) turnover and accounting against Koch.  Koch
demanded a jury trial with respect to claims three and four of the Complaint.

Initials of Deputy Clerk __sr__

In a Joint Status Report filed on October 22, 2009, the Trustee disputed that Koch had a right to a jury trial on claims three and four of the Complaint.  However, none of the parties disputed the jurisdiction of the Bankruptcy Court.

At the Status Conference on November 5, 2009, Koch consented to have the jury trial conducted in the Bankruptcy Court.  However, given the Trustee's objection to Koch's right to a jury trial on claims three and four of the Complaint, the Bankruptcy Court permitted the Trustee to file a motion to determine the Defendants' right to a jury trial and ordered the Trustee to schedule any such motion for hearing on or before February 26, 2010.  The Trustee never filed the motion.

After the parties completed discovery, in light of Koch's jury trial request and the overall complexity of the case, the adversary proceeding was reassigned to Visiting Bankruptcy Judge Charles E. Rendlen, III who scheduled a Pretrial Status Conference for January 10, 2012.  In advance of the Pretrial Status Conference, the Court ordered the parties to file briefs addressing the implications of *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

On January 3, 2012, Koch filed its Report on Impact of *Stern v. Marshall*, taking the position that *Stern* prohibited a non-Article III court from conducting a jury trial on claims three and four of the Complaint regardless of the parties' consent, and Koch suggested that the best course of action would be to withdraw the reference of the adversary proceeding from the Bankruptcy Court.  The Trustee argued that any motion to withdraw the reference would be untimely pursuant to Local Bankruptcy Rule 9015-2(h)(1).  The Trustee also represented that "the Trustee long ago conceded that Koch had a Seventh Amendment right to a jury trial on these claims for relief."

At the Pretrial Status Conference on January 10, 2012, Judge Rendlen removed the adversary proceeding from his March 5, 2012 trial calendar, in order to give the Defendants an opportunity to file a Motion to Withdraw Reference in this Court.

## II.    LEGAL STANDARD

28 U.S.C. § 157(d) provides, in relevant part: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).

## III.    DISCUSSION

The parties do not dispute Koch's right to a jury trial on claims three and four of the Complaint.  The only issue before this Court is whether Article III of the Constitution and the Supreme Court's decision in *Stern v. Marshall*, 131 S.Ct. 2594 prohibits the Bankruptcy Court from conducting a jury trial and entering a final judgment in this adversary proceeding, notwithstanding

Initials of Deputy Clerk _sr_

the consent of the parties.[1]

Article III, § 1, of the Constitution mandates that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."  It also provides that the judges of those constitutional courts "shall hold their Offices during good Behaviour" and "receive for their Services [ ] a Compensation[ ] [that] shall not be diminished" during their tenure.  "As its text and [the Supreme Court's] precedent confirm, Article III is an 'inseparable element of the constitutional system of checks and balances' that 'both defines the power and protects the independence of the Judicial Branch.'"  *Stern*, 131 S. Ct. at 2608 (quoting *Northern Pipeline Constr. Co. v. Marathon Pipe Line* Co., 458 U.S. 50, 58 (1982).  As the Supreme Court stated in *Stern*:

> Article III could neither serve its purpose in the system of checks and balances nor preserve the integrity of judicial decisionmaking if the other branches of the Federal Government could confer the Government's 'judicial Power' on entities outside Article III.  That is why we have long recognized that, in general, Congress may not withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law or in equity or admiralty.

*Stern,* 131 S. Ct. at 2609.  Accordingly, in *Stern*, the Supreme Court held that Congress, "in one isolated respect" exceeded the limitations of Article III in the Bankruptcy Act of 1984, because it authorized non-Article III bankruptcy courts to enter final judgments on certain state law claims that could only be properly adjudicated by an Article III court.

Although the Supreme Court held that Congress may not vest in a non-Article III court the power to adjudicate, render final judgments, and issue binding orders on certain state law claims, the Supreme Court did not hold that the parties cannot themselves consent to give a non-Article III judge that power.  It has long been established that there is no absolute individual right to have a claim adjudicated by an Article III court, and as such, the right is subject to waiver.  *See, e.g.*, *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986); *In re GB Herndon and Associates, Inc.*, 459 B.R. 148, 146 (D.D.C. 2011); *In re Olde Prairie Block Owner, LLC*, 457 B.R. 692, 701 (2011).  Indeed, "[i]f *Stern* had destroyed the power of Bankruptcy Judges to enter final judgments by consent . . ., that would have called into question the power of Magistrate Judges and other Article I judicial officers to make final adjudication by consent . . . ."  *In re Olde Prairie Block Owner, LLC*, 457 B.R. at 701.  *See also In re GB Herndon and Associates, Inc.*, 459 B.R. at

---

[1]To the extent any of the parties contend that *Stern* implicated subject matter jurisdiction, that argument is clearly erroneous.  *Stern* did not restrict subject matter jurisdiction, but instead addressed a litigant's constitutional right to have certain bankruptcy disputes decided by an Article III court.  *See Stern*, 131 S. Ct. at 2607 ("Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court.  *See* § 157(b)(1), (c)(1).  That allocation does not implicate questions of subject matter jurisdiction.  *See* § 157(c)(2) (parties may consent to entry of final judgment by Bankruptcy Judge in non-core case.").  Accordingly, the issue presented is not whether the parties are able to consent to the Bankruptcy Court's jurisdiction but whether they are able to consent to the Bankruptcy Judge's power to conduct a jury trial and enter final judgment.

Initials of Deputy Clerk  sr

159-160 (noting that the Supreme Court has upheld the exercise of the Article III judicial power by a magistrate judge with the consent of the parties).

The Supreme Court's decision in *Stern* itself implicitly confirmed that the parties can consent to a bankruptcy judge exercising Article III power without violating the Constitution. For example, the *Stern* Court cited 28 U.S.C. § 157(c)(2), which permits a bankruptcy judge to enter final judgments in non-core proceedings with the consent of the parties, without the slightest suggestion or hint that it was constitutionally infirm:

> Section 157 allocates the authority to enter final judgment between the Bankruptcy Court and the district court. *See* § 157(b)(1), (c)(1). That allocation does not implicate questions of subject matter jurisdiction. *See* § 157(c)(2) (parties may consent to entry of final judgment by bankruptcy judge in non-core case.

*Stern*, 131 S. Ct. at 2607. *See also In re GB Herndon and Associates, Inc.*, 459 B.R. at 160-162 (concluding that "even after *Stern v. Marshall*, the bankruptcy court may adjudicate a proceeding, without running afoul of Article III, when there has been consent by the parties" and discussing the "broad hints" *Stern* gave to that effect).

Accordingly, the Court concludes that *Stern* does not affect the parties' ability to consent to a non-Article III judge exercising Article III powers -- including conducting a jury trial and entering a final judgment in this adversary proceeding. *See Peretz v. United States*, 501 U.S. 923, 936 (1991) (citing *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986) ("We have previously held that litigants may waive their personal right to have an Article III judge preside over a civil trial).

In this case, there is no dispute that Koch, and now Plaintiffs, have expressly consented to have the jury trial conducted in the Bankruptcy Court.[2] Pursuant to 28 U.S.C. § 157(e), "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." Defendants contend that this Court has not yet "specially designated" the Bankruptcy Court to exercise such jurisdiction. However, pursuant to General Order No. 266-A, "[e]ach bankruptcy judge of the Central District of California is specially designated to conduct jury trials in core and non-core bankruptcy proceedings in cases commenced on or after October 22, 1994, upon the written consent of all parties to the action." To the extent there is any doubt, the Court hereby specially designates the Bankruptcy Court to conduct a jury trial in this adversary proceeding, based on the express consent of the parties.

Although consent may be withdrawn by a party, it may only be withdrawn if the notice of withdrawal is timely, i.e., when withdrawal would not unduly interfere with or delay the proceedings

---

[2]The Court also notes that Local Bankruptcy Rule 9015-2(h) provides: "The failure of any party to file and serve a motion to withdraw reference within the 7-day time period [after entry of the pretrial order] constitutes consent by all parties to the jury trial being presided over by the bankruptcy judge."

Initials of Deputy Clerk _sr_

In this case, Defendants not only waited until long after the deadline established by Local Bankruptcy Rule 9015-2(h) to file this Motion to Withdraw Reference, but the original trial date of March 5, 2012 has already been delayed due to the late filing of this Motion to Withdraw Reference.  While Judge Rendlen gave Defendants an extension of time to file the Motion to Withdraw Reference,  he did so only because he was concerned about his constitutional authority to conduct a jury trial and enter final judgment in this adversary proceeding.

Because the Court concludes that the Bankruptcy Court has the constitutional authority to conduct the jury trial and enter final judgment in this adversary proceeding, and after considering the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors, the Court concludes that Defendants, at this late stage, may not withdraw their consent to a bankruptcy judge conducting the jury trial and entering final judgment.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Withdraw Reference is **DENIED.**  The Court orders the parties to immediately provide a copy of this Order to Judge Rendlen so that he can restore this action to his trial calendar.

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__